FILED-ED4
02 MAY -1 PM 3: 25
CLERK
U.S. DISTRICT COURT

DOCKETED
MAY 0 2 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES LaCASSE and PHYLLIS LaCASSE,<br><br>Defendants. | 02C 3120<br><br>JUDGE BUCKLO<br><br>Case No.<br>Judge MAGISTRATE JUDGE KEYS |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present trustees, for a cause of action against Defendants James LaCasse and Phyllis LaCasse, alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§1001-1461 (1982). This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§1132(e), 1132(f) and 1451(c), and 28 U.S.C. §1367 (supplemental jurisdiction).

2. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund is administered at its principal place of business in Rosemont, Illinois.

## PARTIES

3. Plaintiff Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3).

4. Plaintiff Howard McDougall is a present trustee of the Pension Fund and the Trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. §1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois 60018.

5. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3) and 1451(a)(1), Howard McDougall is authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

6. Defendant James LaCasse ("LaCasse") is a citizen of the State of Minnesota.

7. Defendant Phyllis LaCasse is a citizen of the State of Minnesota.

8. At all relevant times, LaCasse and Phyllis LaCasse have been husband and wife.

## BACKGROUND

9. Nitehawk Express, Inc. ("Nitehawk") is a Minnesota corporation with its principal place of business located in the State of Minnesota.

10. Six Transfer, Inc. ("Six Transfer") is a Minnesota corporation with its principal place of business located in the State of Minnesota.

11. Nitehawk and Six Transfer were subject to a series of collective bargaining agreements, executed with various local unions affiliated with the International

Brotherhood of Teamsters, under which they were required to make contributions to the Pension Fund on behalf of certain of their employees.

12. In July 1992, Six Transfer sold its assets to an unrelated company called Six Transfer Cartage Company. To effect the sale, Six Transfer entered into a Purchase Agreement under which Six Transfer would receive $535,000.00 plus interest payable over a period of seven years.

13. At all relevant times, Defendant James LaCasse was the sole shareholder of both Nitehawk and Six Transfer and was the President of both companies.

14. Nitehawk, Six Transfer, and all other trades or businesses under common control (the "Nitehawk Controlled Group") constitute a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

15. On or about July 3, 1993, Nitehawk permanently ceased to have an obligation to contribute to the Pension Fund and thereafter no member of the Nitehawk Controlled Group was obliged to contribute to the Pension Fund.

16. The Pension Fund determined that on or about July 3, 1993, the Nitehawk Controlled Group effected a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383, because it permanently ceased to have an obligation to contribute to the Pension Fund.

17. As a result of this complete withdrawal, the Nitehawk Controlled Group incurred withdrawal liability to the Pension Fund in the principal amount of $456,620.00 as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

18. The Pension Filed suit against the Nitehawk Controlled Group to collect the withdrawal liability in a case styled <u>Central States, Southeast and Southwest Areas Pension Fund, et al. v. Nitehawk Express, Inc.</u>, No. 97 C 1402 (N.D.Ill.)(the "Lawsuit").

19. After the District Court initially granted only part of the relief sought by the Pension Fund, the Pension Fund appealed the judgment to the Seventh Circuit. The Seventh Circuit ordered the case remanded to the district court for entry of a judgment granting the Pension Fund the full relief it sought against Nitehawk and Six Transfer. <u>See</u> <u>Central States, Southeast and Southwest Areas Pension Fund v. Nitehawk Express, Inc.</u>, 223 F.3d 483 (7th Cir. 2000).

20. After remand, the District Court entered judgment on September 21, 2000, in favor of the Plaintiffs against Nitehawk and Six Transfer, in the amount of $1,076,274.10.

21. During post-judgment discovery, Plaintiffs learned that LaCasse had caused Six Transfer to transfer to himself various sums paid pursuant to the terms of the Purchase Agreement relating to the sale of Six Transfer's assets.

22. Included in those transfers was a deposit of $270,000, made on or about September 18, 1997, into a personal bank account in the names of LaCasse and Phyllis LaCasse.

23. Six Transfer received no consideration for the transfers made by it to LaCasse and Phyllis LaCasse.

24. As a result of the transfers, Six Transfer became insolvent and unable to pay its debt to the Pension Fund.

## CLAIM FOR RELIEF

### COUNT I

25. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 to 24 of this Complaint as though fully set forth herein.

26. Section 4212(c) of ERISA, 29 U.S.C. §1392(c), prohibits a transaction if a principal purpose of such transaction is to evade or avoid withdrawal liability.

27. A principal purpose of Six Transfer's transfer to LaCasse and Phyllis LaCasse was to evade or avoid the payment of Six Transfer's withdrawal liability to the Pension Fund.

28. Under Section 4212(c) of ERISA, 29 U.S.C. § 1392(c), Six Transfer's transfer of assets to LaCasse and Phyllis LaCasse may be voided and LaCasse and Phyllis LaCasse may be held liable to the Pension Fund in the amount of the transfers.

**WHEREFORE,** Plaintiffs request the following relief:

A. That this Court void the transfers of assets from Six Transfer to LaCasse and Phyllis LaCasse and enter judgment against LaCasse and Phyllis LaCasse in the amount of the transfers, pre-judgment interest as allowed by law, plus such other and future amounts to be proven in this case;

B. Attorney's fees and costs;

C. That this Court retain jurisdiction of this cause pending compliance with its orders; and

D. For such further or different relief as this Court may deem appropriate or just.

## COUNT II

29. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 24 of this Complaint as though fully set forth herein.

30. Six Transfer's transfers to LaCasse and Phyllis LaCasse were made with the intent to hinder, delay or defraud creditors of Six Transfer or alternatively were made without Six Transfer receiving a reasonably equivalent value in exchange for the transfers.

31. Six Transfer's transfers to LaCasse and Phyllis LaCasse were fraudulent transfers as to the Pension Fund who was and is a creditor of Six Transfer.

32. To the extent, as alleged above, LaCasse and Phyllis LaCasse, as insiders of Six Transfer, received transfers in preference to the withdrawal liability owed by Six Transfer to the Pension Fund, LaCasse and Phyllis LaCasse became liable for all amounts transferred by Six Transfer to LaCasse and Phyllis LaCasse.

**WHEREFORE**, the Plaintiffs request the following relief:

A. That the Court enter judgment against LaCasse and Phyllis LaCasse in the amount of the transfers, pre-judgment interest as allowed by law, plus such other and future amounts to be proven in this case;

B. Attorney's fees and costs;

C. That this Court retain jurisdiction of this cause pending compliance with its orders; and

D.  For such further or different relief as this Court may deem proper or just.

> Respectfully submitted,
>
> */s/ John J. Franczyk, Jr.*
> John J. Franczyk, Jr.
> Attorney for Plaintiffs
> Central States, Southeast and
> Southwest Areas Pension Fund
> 9377 West Higgins Road
> Rosemont, IL 60018
> (847) 518-9800, Ext. 3464

May 1, 2002



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s):** Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee

**Defendant(s):** James LaCasse, an individual and Phyllis LaCasse, an individual

County of Residence: Cook

County of Residence:

Plaintiff's Atty: John J. Franczyk, Jr.
Central States Law Department
9377 W. Higgins Rd., Rosemont, IL 60018
(847) 518-9800

Defendant's Atty:




DOCKETED
MAY 02 2002

JUDGE BUCKLO

**II. Basis of Jurisdiction:** 3. Federal Question (U.S. not a party)  MAGISTRATE JUDGE KEYS

**III. Citizenship of Principal Parties** (Diversity Cases Only)
  Plaintiff: - N/A
  Defendant: - N/A

**IV. Origin:** 1. Original Proceeding

**V. Nature of Suit:** 791 E.R.I.S.A

**VI. Cause of Action:** 29 U.S.C. § 1001, et. seq. – Collection of withdrawal liability

**VII. Requested in Complaint**
  Class Action: No
  Dollar Demand:
  Jury Demand: No

**VIII.** This case **IS NOT** a refiling of a previously dismissed case.

FILED-ED4 02 MAY -1 PM 3:25 CLERK U.S. DISTRICT COURT

Signature: *John J. Franczyk, Jr.*

Date: 5/4/02

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

In the Matter of

Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall, trustee, v. James LaCasse, an individual and Phyllis LaCassse, an individual.

Case Number: **02C 3120**

DOCKETED MAY 0 2 2002

JUDGE BUCKLO
MAGISTRATE JUDGE KEYS

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall, trustee

| (A) | (B) |
|---|---|
| SIGNATURE: *John J. Franczyk, Jr.* | SIGNATURE: *Robert A. Coco* |
| NAME: John J. Franczyk, Jr. | NAME: Robert A. Coco |
| FIRM: Central States Law Department | FIRM: Central States Law Department |
| STREET ADDRESS: 9377 W. Higgins Road | STREET ADDRESS: 9377 W. Higgins Road |
| CITY/STATE/ZIP: Rosemont, IL 60018 | CITY/STATE/ZIP: Rosemont, IL 60018 |
| TELEPHONE NUMBER: (847) 518-9800 | TELEPHONE NUMBER: (847) 518-9800 |
| IDENTIFICATION NUMBER: 06224947 | IDENTIFICATION NUMBER: 06194766 |
| MEMBER OF TRIAL BAR? NO ✓ | MEMBER OF TRIAL BAR? YES ✓ |
| TRIAL ATTORNEY? YES ✓ | TRIAL ATTORNEY? YES ✓ |
|  | DESIGNATED AS LOCAL COUNSEL? NO ✓ |

| (C) | (D) |
|---|---|
| SIGNATURE: *J. P. Condon* | SIGNATURE: *Charles Lee* |
| NAME: James P. Condon | NAME: Charles H. Lee |
| FIRM: Central States Law Department | FIRM: Central States Law Department |
| STREET ADDRESS: 9377 W. Higgins Road | STREET ADDRESS: 9377 W. Higgins Road |
| CITY/STATE/ZIP: Rosemont, IL 60018 | CITY/STATE/ZIP: Rosemont, IL 60018 |
| TELEPHONE NUMBER: (847) 518-9800 | TELEPHONE NUMBER: (847) 518-9800 |
| IDENTIFICATION NUMBER: 03126986 | IDENTIFICATION NUMBER: 90784727 |
| MEMBER OF TRIAL BAR? YES ✓ | MEMBER OF TRIAL BAR? YES ✓ |
| TRIAL ATTORNEY? YES ✓ | TRIAL ATTORNEY? YES ✓ |
| DESIGNATED AS LOCAL COUNSEL? NO ✓ | DESIGNATED AS LOCAL COUNSEL? NO ✓ |

FILED 02 MAY -1 PM 3:25 CLERK U.S. DISTRICT COURT ED/IL

1-3