# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3120 | **DATE** | 3/27/2003 |
| **CASE TITLE** | Central States, et al. vs. LaCassee, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying defendants' motion to dismiss, or in the alternative, summary judgment and their request to remand to the District of Minnesota.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 2 8 2003 | |
| | Notified counsel by telephone. | | date docketed | 22 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 3/27/2003 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MPJ | courtroom deputy's initials | 03 MAR 27 PM 4:23 Date/Time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CENTRAL STATES, SOUTHEAST AND )
SOUTHWEST AREAS PENSION FUND )
and HOWARD McDOUGALL, trustee, )
)
Plaintiffs, )
) No. 02 C 3120
v. )
)
JAMES LaCASSE and PHYLLIS )
LaCASSE, )
)
Defendants. )

DOCKETED
MAR 2 8 2003

## MEMORANDUM OPINION AND ORDER

The background of this case is explained fully in *Central States v. Nitehawk Express, Inc.*, 223 F.3d 483, 485-87 (7th Cir. 2000). Briefly, plaintiff Central States, Southeast and Southwest Areas Pension Fund ("the Fund") is a multi-employer pension plan. Plaintiff Howard McDougall is trustee of that fund. In 1992, when the events leading up to the current suit began, defendant James LaCasse was the president of and sole shareholder in two Minnesota corporations, Nitehawk Express, Inc. ("Nitehawk") and Six Transfer Co. ("Six Transfer"). Due to the common control Mr. LaCasse exercised over the two companies, under 29 U.S.C. § 1301(b)(1) they were considered one employer (the "Nitehawk controlled group") for purposes of 29 U.S.C. § 1001 *et seq.*, the Employee Retirement Income Security Act ("ERISA"). Both companies agreed to make pension payments to the Fund on behalf of their workers.

In September 1992, Six Transfer sold its assets to Six Cartage ("Cartage"). In July 1993, Nitehawk effected a complete withdrawal from the Fund, and as a result incurred withdrawal liability. The plaintiffs filed suit in this court against the Nitehawk controlled group to collect the withdrawal liability. *See Central States v. Nitehawk Express, Inc.*, No. 97 C 1402, 1999 U.S. Dist. LEXIS 4173 (N.D. Ill. Mar. 23, 1999) (Nordberg, J.). The District Court granted a portion of the relief sought by the plaintiffs, awarding $456,620 to the fund. On appeal, the Seventh Circuit decided in favor of the Fund on all issues and remanded the case to the District Court for entry of a judgment granting the plaintiffs the full relief they sought, including an award of attorneys' fees. *See Central States*, 223 F.3d at 483. On September 21, 2000, the District Court entered a judgment of $1,076,274.10 in favor of the plaintiffs. During post-judgment proceedings, the Fund learned that Mr. LaCasse had effected various transfers to himself from Six Transfer pursuant to the 1992 sale of Six Transfer's assets. Included in those transfers was a deposit of $270,000, made on or about September 18, 1997, into a personal bank account in the names of Mr. LaCasse and his wife, defendant Phyllis LaCasse. As a result of these payments to the LaCasses, Six Transfer became insolvent and unable to pay its debt to the Fund.

Plaintiffs bring this suit alleging that the transfers to the LaCasses violated section 4121(c) of ERISA, 29 U.S.C. § 1392(c),

which prohibits any transaction whose principal purpose is to evade or avoid withdrawal liability (Count I), and constituted fraud under the common law (Count II). The LaCasses now move to dismiss both counts, or in the alternative for summary judgment, or in the alternative to transfer venue to Minnesota. I deny the motions.

The defendants argue, first, that Count II must be dismissed because any state-law claim for fraudulent transfer is preempted by ERISA. The Supreme Court has held that ERISA preempts those state laws that refer or relate to ERISA. *Mackey v. Lanier Collection Agency, Inc.*, 486 U.S. 825, 843 (1988) (holding that a state garnishment statute was *not* preempted by ERISA). However, a strong presumption remains that Congress did not intend to preempt wide areas of traditional state regulation. *Calif. Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 325 (1997). In particular, as ERISA provides no mechanism for the enforcement of judgments, "state-law methods for collecting money judgments must, as a general matter, remain undisturbed by ERISA." *Mackey*, 486 U.S. at 843. While the Seventh Circuit has not addressed the specific question of whether common law fraudulent transfer claims are permissible in cases of unpaid ERISA withdrawal liability, one district court in the circuit has answered that question in the affirmative. In *Central States v. Romito*, No. 00 C 8021, 2001 U.S. Dist. LEXIS 6004, at *14 (N.D. Ill. May 10, 2001), Judge Kocoras reasoned that like the garnishment statute at issue

in *Mackey*, "state common law rules against fraudulent conveyances do not affect liability under ERISA. Rather, they are debtor-creditor laws of general applicability which help fill the gap in ERISA's provisions."

Further, it is a basic tenet of corporate law that if a corporation transfers funds to its shareholders leaving corporate debts unpaid, the shareholders become liable to the corporation's creditors. *Central States v. Minneapolis Van & Warehouse Co.*, 764 F. Supp. 1289, 1294 (N.D. Ill. 1991) (Shadur, J.) (holding that a plaintiff pension fund could collect withdrawal liability from a former sole shareholder of the debtor corporation to whom corporate assets had been transferred). This "trust fund" theory, which views corporate assets as held in trust for the benefit of the corporation's creditors, is a matter not merely of state but also of *federal* common law, which is not preempted by ERISA. *Id.* at 1295. Whether it is viewed as a state or a federal common law claim, then, the plaintiffs' fraudulent conveyance claim is not preempted by ERISA. The motion to dismiss Count II due to ERISA preemption is DENIED.

The defendants argue that both Counts I and II are barred by the doctrine of *res judicata* because they raise issues that were or should have been fully litigated in the prior actions between the parties. This argument has no merit. No previous court has considered the question of whether the transfer of funds to the

4

defendants' bank account renders them personally liable to the Fund for unpaid withdrawal liability, because no previous court was made aware of the transfers. The defendants state that the issue could have been litigated in a prior proceeding had the plaintiff exercised due diligence in bringing issues to the court's attention. However, the plaintiffs assert that the transfers came to their attention only during post-judgment discovery following the District Court's entry of the $1,076,274.10 judgment against the Nitehawk controlled group. The motion to dismiss Counts I and II as barred by *res judicata* is DENIED.

Next, the defendants argue that the claims against both of them must be dismissed for lack of personal jurisdiction. The defendants, citizens of Minnesota, have minimum contacts with the United States, which are the only requirement for the exercise of personal jurisdiction by a federal district court over defendants in an ERISA-based action. 29 U.S.C. § 1451(d). The common-law claim alleged in Count II arises from the same nucleus of operative fact as the statutory claim in Count I, *see IUE AFL-CIO Pension Fund v. Hermann*, 9 F.3d 1049, 1056 (2d Cir. 1993), and therefore this court may exercise personal jurisdiction over the defendants as to the related claim under the doctrine of pendent personal jurisdiction. *Robinson Eng'g Co., Ltd. Pension Plan and Trust v. George*, 223 F.3d 445, 449 (7th Cir. 2000). The motion to dismiss for lack of personal jurisdiction over the defendants is DENIED.

In the event that their motion to dismiss was denied on all grounds, the defendants asked that their motion be considered as a motion for summary judgment. They did not submit a Statement of Uncontested Facts in support of their summary judgment motion, as required by Local Rule 56, and the only factual support they provide for this motion is contained in three affidavits, all of which relate to personal jurisdiction, rather than to the circumstances surrounding the alleged transfer of funds. This is a skeletal summary judgment motion at best, and does not carry its burden of demonstrating that no genuine issues of material fact remain in the case. The motion for summary judgment is DENIED.

Finally, the LaCasses move for transfer of venue to the District of Minnesota. A court may transfer a case if the moving party shows that (1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice. *College Craft Cos. v. Perry*, 889 F.Supp. 1052, 1054 (N.D. Ill. 1995) (Bucklo, J.). Under ERISA, venue is proper both in this district, where the plan was administered, and in the transferee district, where the defendants reside and the alleged conveyance of funds took place. Therefore, my inquiry is confined to the convenience of parties and witnesses and the interests of justice.

The moving party has the burden of showing that the transferee forum is clearly more convenient than the transferor forum; shifting the burden of inconvenience from one party to the other is not a valid justification for transfer. *Central States v. Salasnek Fisheries*, 977 F. Supp. 888, 890 (N.D. Ill. 1997) (Bucklo, J.). The defendants argue that as they are in their eighties, it is especially inconvenient for them to travel to this district to litigate the case. I recognize that travel is a special challenge for older people; the convenience of the parties weighs in favor of transfer.

The defendants further argue that the witnesses they intend to call reside in Minnesota and are not subject to compulsory process in Illinois. However, they merely name possible witnesses in their reply brief, and fail to meet their burden of showing the nature of their witnesses' testimony and how important it will be to the case. *Id.* at 891. They have also provided no indication that these witnesses will be hostile or reluctant. *Id.* The convenience of witnesses thus does not weigh for or against transfer. The same applies to sources of proof; there has been no suggestion that any relevant documents that may be located in Minnesota cannot be easily brought to this district.

The interests of justice weigh heavily against transfer. Congress provided multi-employer funds with a nationwide choice of forum in order to allow them to protect their beneficiaries from

the costs of far-flung litigation. *See Dugan v. M & W Dozing & Trucking, Inc.*, 727 F. Supp. 417, 419 (N.D. Ill. 1989) (Aspen, J.). To permit transfer for the convenience of defendant employers in cases against those funds would thwart Congress' intent to prevent the costs of litigation from coming out of pensioners' pockets. *See Central States v. Lewis & Michael, Inc.*, 992 F. Supp. 1046, 1049 (N.D. Ill. 1998) (Lindberg, J.). The motion to transfer to the District of Minnesota is DENIED.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: March 27, 2003